IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

PATRICIA MCEACHRANE,

    Plaintiff,

Case No.:

Hon.

v

PROSPER FUNDING LLC

    Defendant.

_____/

## COMPLAINT

NOW COMES Plaintiff, Patricia McEachrane, by and through her attorneys, Huron Law Group Florida, PLLC, and for her Complaint, states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*  In particular, Defendant continued collection attempts directed at Plaintiff after having knowledge that Plaintiff was represented by a law firm with respect to an alleged consumer debt.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff Patricia McEachrane is a natural person and resident of Ocala, Marion County, State of Florida, and a "consumer" as defined by the FDCPA.

3. Defendant Prosper Funding LLC. ("Prosper") is a debt collector under 15 U.S.C. § 1692a(6) incorporated in Delaware with its principal place of business in San Francisco, California.

4. This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue in this judicial district is proper because the

pertinent events took place here.

## STATUTORY STRUCTURE

5. Plaintiff incorporates by reference all other paragraphs of this Complaint.

6. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

7. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

8. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

9. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

10. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

## GENERAL ALLEGATIONS

11. Plaintiff incorporates by reference all other paragraphs of this Complaint.

12. On October 9, 2013 at 3:05 and 6:21 p.m. Ms. McEachrane received two phone calls

from (239) 551-2177. Upon calling the number, at 6:23 p.m, she spoke to "Chris Lucas", who advised her was a representative for Prosper at which time she told him that she was represented by Huron Law Group. (**Affidavit attached Exhibit 1**)

13. On October 11, 2013 paralegal Aaron Hawley of Huron Law Group PLLC contacted "Chris Lucas," an agent of Defendant, to identify himself as an agent of Huron Law group and notify him that Ms. McEachrane is being represented by Huron Law Group. (**Affidavit attached Exhibit 2**)

14. On October 17, 2013 at 11:48 a.m. and 1:52p.m. Ms. McEachrane received phone calls from "Chris Lucas" from the following number (239) 552-2110. (**Affidavit attached Exhibit 1**)

15. On October 20, 2013 at 5:01p.m. Ms. McEachrane received a phone call from a restricted number. When she answered it was a female trying to collect a debt on behalf of Prosper. (**Affidavit attached Exhibit 1**)

16. Despite the dialogue with Plaintiff's attorneys, Defendant contacted Plaintiff multiple times between October 17-20, 2013 in an attempt to collect the alleged debt (**Affidavit Exhibit 1**).

## COUNT I—15 U.S.C. § 1692c(a)(2) and 1692b(6)

17. Plaintiff incorporates by reference all other paragraphs of this Complaint.

18. Defendant improperly communicated with Plaintiff after having knowledge that Plaintiff was represented by counsel with respect to the alleged debt.

19. Plaintiff's attorneys responded within a reasonable amount of time to all communications from Defendant.

20. Plaintiff's attorneys did not give Defendant permission to contact Plaintiff directly.

21. Defendant's actions described above constitute a violation of 15 U.S.C. § 1692c(a)(2) and 1692b(6) of the FDCPA.

WHEREFORE, Plaintiff requests the following relief:

A. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and;

C. Such other relief as the Court deems just and equitable.

Respectfully submitted:

Dated:  February 19, 2014

_____/s/ Kathy L. Houston_____
Kathy L. Houston (FL Bar #56042)
Huron Law Group Florida, PLLC
Attorneys for Plaintiff
30600 Telegraph Rd., Ste. 1240
Bingham Farms, MI  48025
(248) 440-7322
khouston@huronlawgroup.com